United States District Court
Southern District of Texas
**ENTERED**
March 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TURBO SOLUTIONS INC., f/k/a Alex Miller Financial Services Inc., d/b/a Alex Miller Credit Repair, and<br><br>ALEXANDER V. MILLER, in his individual and corporate capacity,<br><br>Defendants. | Case No. 4:22-mc-369<br><br><s>FILED UNDER SEAL</s>  |

## PERMANENT INJUNCTION

Plaintiff, the United States of America, has filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b), and Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b), and the parties have agreed to the entry of a permanent injunction.

### FINDINGS OF FACT

The Court, having considered the Complaint, Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, Proposed Order Appointing Receiver, and Order to Show Cause Why a Preliminary Injunction Should Not Issue with Supporting Memorandum of Law, declarations, and exhibits filed in support thereof, and being otherwise advised, finds that:

1

A. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345. Venue in this district is proper under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), and (c)(2), and 15 U.S.C. § 53(b).

B. The United States has shown, and Defendants have not contested, that Defendants Turbo Solutions Inc. and Alexander V. Miller have engaged in acts or practices that violate Section 5 of the FTC Act, 15 U.S.C. § 45, CROA, 15 U.S.C. §§ 1679-1679*l*, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310. In particular, as demonstrated by consumer declarations, consumer complaints, and the additional documentation filed by the United States, the United States has shown, and Defendants have not contested, that in numerous instances, in connection with the marketing and sale of credit repair services, Defendants have falsely claimed they can improve consumers' credit scores by removing all negative items from their credit reports and adding credit building products. In numerous instances, Defendants have also filed or caused to be filed fake identity theft reports on the FTC's identitytheft.gov website. In addition, Defendants have routinely taken prohibited advanced fees for their credit repair services and have not made required disclosures regarding those services.

C. There is a substantial threat of immediate and irreparable injury to the United States if the Court does not enter this permanent injunction.

D. The threatened injury to the United States absent entry of this permanent injunction outweighs any harm that will result to Defendants Turbo Solutions Inc. and Alexander V. Miller from entry of this permanent injunction.

E. Entry of this permanent injunction will not disserve the public interest.

F.  This Court has the authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57b; the All Writs Act, 28 U.S.C. § 1651; and the Court's inherent equitable powers.

G.  The United States has presented a Certification of Federal Trade Commission Attorney Gregory Ashe clearly showing that immediate and irreparable injury, loss, or damage will result to the United States before the Defendants can be heard in opposition. Among other things, the United States has shown that there is a substantial risk that Defendants will dissipate or conceal assets and destroy or conceal evidence of their unlawful conduct in the absence of a permanent injunction, causing immediate and irreparable damage to the Court's ability to grant effective final relief.

**ORDER**

I.  **IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are temporarily restrained and enjoined from:

   A.  Charging or receiving money or other valuable consideration for providing any service related to improving a consumer's credit score, or providing advice regarding a consumer's credit score ("Credit Repair Service") before such service is fully performed;

   B.  Charging, requesting, or receiving money or other valuable consideration in advance of obtaining a loan or other extension of credit for any person, in violation of 16 C.F.R. 310.4;

3

C. Communicating, expressly or by implication, including through telemarketing, a website, social media platform, or otherwise:

1. That any person can remove accurate, non-obsolete negative information or hard inquiries from any person's credit report, credit record, credit history, or credit profile;

2. That any person has added any person as an additional authorized user to any other person's credit card or line of credit, if that person has not been added as an authorized user;

3. That any person can substantially improve any person's credit score or credit rating;

4. That any person is or was a victim of identity theft, when that person was not a victim of identity theft;

5. That any credit building product will substantially improve any person's credit score or credit rating; or

6. Any other fact that is untrue and material to consumers concerning any Credit Repair Service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

D. Filing on behalf of a third party, causing to be filed on behalf of a third party, or encouraging any person to file an identity theft report on behalf of a third party;

E. When required to do so by applicable law, failing to provide any person with a written statement of "Consumer Credit File Rights Under State and Federal Law" in connection with Credit Repair Services in the form and manner required by Section 405(a) of CROA, 15 U.S.C. § 1679c(a);

4

F. When required to do so by applicable law, failing to include in contracts for any Credit Repair Service the following required terms and conditions: (a) a full and detailed description of the services to be performed for the consumer, including all guarantees of performance and an estimate of the date by which the performance of the services (to be performed by Defendants or any other person) will be complete or the length of the period necessary to perform such services, and (b) the specific conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, regarding the consumers' right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which consumers signed the contracts;

G. When required to do so by applicable law, failing to provide any person with a separate form with the heading "Notice of Cancellation," in the form and manner required by Section 407(b) of CROA, 15 U.S.C. § 1679e(b);

H. When required to do so by applicable law, failing to provide any person with a copy of a completed contract and all disclosures required under CROA and a copy of any other document such person is required to sign; and

I. Destroying any records.

II. **IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined, during the pendency of this action, from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the United States with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names

of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

III. **IT IS FURTHER ORDERED** that Plaintiff United States shall not be required to post security for this action.

IV. **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT SO ORDERED,** this 18th day of March, 2022, at 12:47 p.m.

Andrew S. Hanen
United States District Judge

AGREED:

**Alexander V. Miller,** individually
and for Turbo Solutions, Inc.;
Alex Miller Financial Services, Inc.;
and Alex Miller Credit Repair

**Marcus Smith** for the United States of America