UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TURBO SOLUTIONS INC., f/k/a Alex Miller Financial Services Inc., d/b/a Alex Miller Credit Repair, and<br><br>ALEXANDER V. MILLER, in his individual and corporate capacity,<br><br>        Defendants. | Civil Action No. 4:22-mc-00369<br><br><br><br>UNOPPOSED (only as to leave to file 20+ p.) |

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), 12(b)(6), and 12(b)(7)
OR, IN THE FIRST ALTERNATIVE, MOTION FOR INVOLUNTARY DISMISSAL
PURSUANT TO FED. R. CIV. P. 41(b) OR, IN THE SECOND ALTERNATIVE, MOTION
FOR SANCTIONS TO STRIKE PLAINTIFF'S FILED PAPERS PURSUANT TO LR11.4;[1]
REQUEST FOR LEAVE OF COURT TO FILE LEGAL MEMORANDUM IN EXCESS OF
TWENTY (20) PAGES[2]

Brian L. Ponder, Esq.
Attorney-in-Charge
New York Bar #: 5102751
Southern District of Texas Bar #: 2489894
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR DEFENDANTS

---

[1] Opposed.
[2] Unopposed.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 2

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .............................. 5

I.  INTRODUCTION ...................................................................................................... 6

II.  ISSUES .................................................................................................................... 6

III.  RULES .................................................................................................................... 7

IV.  ARGUMENTS........................................................................................................ 11

    a.  This Court lacks jurisdiction due to the government's lack of Article III standing. ........ 11

    b.  This Court lacks personal jurisdiction over Defendants who have not been served. ....... 14

    c.  The government's Complaint [2] should be dismissed for improper venue.................... 16

    d.  Defendant's motion to dismiss should be granted for insufficiency of service............... 19

    e.  The government's Complaint fails to state a claim for which relief can be granted. ....... 20

        i.  The government fails to state a claim for relief under the FTC Act. ........................... 21

        ii.  The government fails to state a claim for relief under CROA. ..................................... 23

        iii.  The government fails to state a claim for relief under the TSR................................... 25

    f.  This action must be dismissed per Rule 12(b)(7) for the government's failure to join required parties Alex Miller Financial Services, Inc. and Alex Miller Credit Repair. ............. 26

    g.  This case should be involuntarily dismissed pursuant to Rule 41(b) for the government's failure to comply with Rule 5 and this Court's Order [9]........................................................ 30

    h.  Every paper filed by the government in this case should be stricken under LR11.4........ 34

V.  CONCLUSION........................................................................................................ 35

TABLE OF AUTHORITIES

**Cases**

*Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ................................................................................................ 22

*Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 5th Cir. 1981) ................................................................................................ 17

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth* (1937) 300 US 227, 239, 57 S.Ct. 461, 463. 14

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 602-05 (1982)............. 14

*Alto v. Black*, 738 F.3d 1111, 1127-29 (9th Cir. 2013)................................................... 31

*Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 360 (2d Cir. 2015) ......... 31

*Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009) ...................................... 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................... 22, 23, 24

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ...................................................................... 23

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)................................... 18, 20, 22, 23, 26, 28

*Benton v. Maryland*, 395 U.S. 784, 788 (1969)............................................................................. 14

*Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) ................... 17

*Clifdale Associates, Inc., et al.*, 103 FTC 110, 164-165 (1984) .................................................. 24

*Cloud v. United States*, 122 S. Ct. 2665 (2002)............................................................................ 22

*Doremus v. Board of Education*, 342 U.S. 429, 434 (1952)....................................................... 14

*Edmiston v. Louisiana Small Bus. Dev. Ctr.*, 1:18-CV-00128, 2018 WL 6279962, at *4 (W.D. La. Nov. 14, 2018), *report and recommendation adopted*, 1:18-CV-00128, 2018 WL 6273657 (W.D. La. Nov. 30, 2018), *aff'd*, 931 F.3d 403 (5th Cir. 2019) ................................................ 17

*Flast v. Cohen* (1968) 392 US 83, 94-95, 88 S.Ct. 1942, 1950-1951........................................ 15

*Gardemal v. Westin Hotel Co.* (5th Cir. 1999) 186 F3d 588, 592 ............................................. 16

*Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979) .......................................... 15

*Holly v. Metro. Transit Authority*, 213 Fed.Appx. 343 (5th Cir. 2007)..................................... 17

*Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)................................. 29

*Jone Jones Collection Inc. v. Good Price Mart, Inc.*, 2010 WL 2403727, at *2 (N.D. Tex. June 15, 2010) (Fish, J.) ................................................................................................................. 36

*Kreimerman v. Casa Veerkap, S.D. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ........................... 17

*Landry v. Garber*, 6:19-CV-00397, 2019 WL 5783369, AT *2 (W.D. La. Oct. 18, 2019), report and recommendation adopted, 6:19-CV-00367, 2019 WL 5782873 (W.D. La. Nov. 5, 2019) 17

*Lennar Mare Island*, 2015 WL 6123730, at *8-9 ..................................................................... 31

*Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12-cv-02182-KJM-KJN, 2015 WL 6123730, at *8-9 (E.D. Cal. Oct. 16, 2015) .............................................................................. 31

*Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3 (1964)................................................................... 14

*Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) .................................................................. 36

*Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560 (1992) ............................................................. 15

*Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)............................................. 31

*McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).................... 15

*Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968) ...................................... 17

*Nietzke v. Williams*, 109 S. Ct. 1827, 1832 (1989) .................................................................. 22

*Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987)............................... 17

*Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ......................................... 28, 29

*Raines v. Byrd*, 521 U.S. 811, 820 (1997) ................................................................................ 15

*Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012) ........... 31
*SEC v. Medical Committee for Human Rights* (1972) 404 US 403, 407, 92 S.Ct. 577, 580 ........ 14
*Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) ......................... 23
*Southwest Sunsites, Inc. v. FTC*, 785 F.2d 1431, 1435 (9th Cir. 1986) ......................................... 24
*Spivey v. Robertson*, 197 F.3d 772, 774 5th Cir. 1999) ....................................................................... 22
*Spokeo*, 136 S.Ct. at 1543 ................................................................................................................. 14
*Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 1547 (2016) ............................... 14, 15, 16
*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93 (1988) ................................. 13, 15
*Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 350-51 (5th Cir. 2011) ......................... 22
*Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994) (*per curium*) ..................................... 18

**Statutes**

§ 1391(b)(3) ........................................................................................................................... 18, 19
15 U.S.C. § 1679b(a) ................................................................................................................... 24
15 U.S.C. § 45(a) ......................................................................................................................... 24
15 U.S.C. § 53(b) ................................................................................................................... 19, 20
15 U.S.C. § 6102(a)(1) ................................................................................................................. 26
15 U.S.C. § 1679a(3) ................................................................................................................... 26
15 U.S.C. §§ 1679-1679l .............................................................................................................. 6
16 C.F.R. § 310.2 ......................................................................................................................... 27
16 C.F.R. § 310.3(a)(2)(iii) .......................................................................................................... 26
28 U.S.C. § 1331 ......................................................................................................................... 14
28 U.S.C. § 1337(a) ..................................................................................................................... 14
28 U.S.C. § 1345 ......................................................................................................................... 14
28 U.S.C. § 1355 ......................................................................................................................... 14
28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), (c)(2) ............................................................................... 19
28 U.S.C. § 1391(b)(1)-(2) .......................................................................................................... 18
28 U.S.C. § 1391(b)(2) ................................................................................................................. 20
28 U.S.C. § 1391(c)(1) ........................................................................................................... 18, 19
28 U.S.C. § 1391(c)(2) ........................................................................................................... 18, 19
Credit Repair Organizations Act .................................................... 6, 7, 8, 12, 15, 24, 25, 26
Fed. R. Civ. P. 19(a) ................................................................................ 8, 27, 28, 29, 30
FTC Act ............................................................................... 6, 7, 8, 12, 15, 22, 23
Telemarketing Act ................................................................................................................... 7, 8
Telemarketing and Consumer Fraud and Abuse Prevention Act ................................................ 26
Telemarketing Sales Rule ........................................................................................................... 6, 7
TSR ............................................................................................................... 7, 12, 15, 26, 27

**Other Authorities**

7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1601 (3d ed. 2015) 30

**Rules**

Fed. R. Civ. P. 1 ......................................................................................................................... 35
Fed. R. Civ. P. 19(a)(1) ....................................................................................... 7, 8, 27, 28, 29
Fed. R. Civ. P. 4 ........................................................................ 7, 14, 19, 20, 30, 36
Fed. R. Civ. P. 4 and 5 ........................................................................ 7, 16, 33, 34, 35
Fed. R. Civ. P. 4.1 ....................................................................................................................... 30
Fed. R. Civ. P. 5 ........................................................................ 6, 30, 31, 33, 36

Fed. R. Civ. P. 5(b)(2)(E) ............................................................................................... 33
Rule 19(a)(1)(B)(i) .................................................................................................... 30, 31
Fed. R. Civ. P. 19(b) ...................................................................................................... 30
Fed. R. Civ. P. 19(c) ...................................................................................................... 30
LR11.4 .................................................................................................... 0, 11, 34, 36
LR5.5 ............................................................................................ 11, 31, 34, 35, 36
LR7.1 ............................................................................................................................ 11
LR7.7 ............................................................................................................................ 11
LR7.8 ............................................................................................................................ 11
Rule 12(b) of the Federal Rules of Civil Procedure ............................................ 7, 14, 15
Rule 12(b)(1) .......................................................................................................... 12, 14, 35
Rule 12(b)(2) of the Federal Rules of Civil Procedure .......................................... 14, 35
Rule 12(b)(3) .......................................................................................................... 16, 19, 35
Rule 12(b)(5) of the Federal Rules of Civil Procedure ..................................... 15, 19, 20, 35
Rule 12(b)(6) ............................................................... 20, 21, 22, 25, 26, 34, 35
Rule 12(b)(7) .......................................................................................... 26, 27, 30, 35
Rule 19 .................................................................................... 7, 26, 27, 28, 29, 30
Rule 4(c)(1) of the Federal Rules of Civil Procedure ................................................. 9
Rule 4(e) of the Federal Rules of Civil Procedure ............................................ 9, 14, 20
Rule 4(h) of the Federal Rules of Civil Procedure ................................................. 9, 14
Rule 4(l)(1) of the Federal Rules of Civil Procedure ..................................................... 10
Rule 41(b) of the Federal Rules of Civil Procedure ....................................... 8, 33, 34, 35
Rule 5(a) of the Federal Rules of Civil Procedure ......................................................... 8
Rule 5(b) of the Federal Rules of Civil Procedure ......................................... 8, 33, 34
Rule 8(a) of the Federal Rules of Civil Procedure ................................................. 10, 20
Rule 9(b) of the Federal Rules of Civil Procedure .......................................................... 10
Rules 4 and 5 ....................................................................................................................... 7
Rules 4(e), (h) ....................................................................................................................... 7

**Constitutional Provisions**

U.S. Const. Art. III, § 2 ....................................................................................... 12, 14, 35

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On March 1, 2022, Plaintiff UNITED STATES OF AMERICA ("the government") filed this civil action against Defendants TURBO SOLUTIONS INC., f/k/a Alex Miller Financial Services Inc., d/b/a Alex Miller Credit Repair (collectively hereinafter "Turbo"), and ALEXANDER V. MILLER, in his individual and corporate capacity (collectively "Miller"), (collectively hereinafter all four (4) entities and individual referred to as the "Defendants"). Defendants have not been served. The government's Complaint [2] alleges that Defendants violated "Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), CROA [(Credit Repair Organizations Act)], 15 U.S.C. §§ 1679-1679l, and the FTC's [(Federal Trade Commission's)] Telemarketing Sales Rule ('TSR'), 16 C.F.R. Part 310, in connection with Defendants' marketing and sale of credit repair services." Complaint [2] at 1, ¶ 1. No particular consumer is alleged as injured. Defendants' purported conduct is couched in recitations of the statutes and conclusory statements. The government does not allege that it was injured in any way other than a statutory violation. Defendants have not been served any paper in this action as required by law under Rules 4 and 5. However, on March 4, 2022, the Court by Order [9] required the government to effectuate service. The government has failed to do so and, apparently, continues to refuse to do so under Rules 4, 5. The government has filed all substantive pleadings and motions under seal without legal service. Unfairly, the government did not even request the issuance of summonses for Defendants until after the government accomplished getting this Court to enter a temporary restraining order [9], permanent injunction [14], and preliminary injunction [15]. To date, no service has been executed. Defendants having acquired informal notice of these proceedings, has recently retained counsel. Defendants' counsel has conferred with the government about its many fatal procedural issues. The parties conferred for hours by phone on May 9, 2022, and May 13, 2022, but to no resolution.

I.     INTRODUCTION

On March 1, 2022, Plaintiff UNITED STATES OF AMERICA ("the government") filed this civil action against Defendants TURBO SOLUTIONS INC., f/k/a Alex Miller Financial Services Inc., d/b/a Alex Miller Credit Repair ("Turbo"), and ALEXANDER V. MILLER, in his individual and corporate capacity ("Miller), (collectively the "Defendants"). Defendants have not been served. The government's Complaint [1] alleges that Defendants violated the FTC Act, the Credit Repair Organizations Act, the Telemarketing Act, and the Telemarketing Sales Rule. No victim is named. For the most part, the government's Complaint [1] is filled with explanations of the various acts and rules. In about 22 paragraphs, the government alleges facts and conclusory allegations concerning Defendants. The alleged facts consist of several quoted items allegedly from Defendants social media posts. The government's conclusory allegations consist of tenuous conclusions that Defendants violated the law. The government fails to make the most basic allegations, such as where Defendants reside or are domiciled. The government further fails to name one consumer affected by Defendants' alleged violations of the FTC Act, CROA, or TSR. Most importantly, the government fails to make any mention of any concrete damages to itself.

II.    ISSUES

The *first issue* is whether the government has Art. III standing when it alleges only statutory violations by Defendants and no concrete harm to confer subject matter jurisdiction to this Court.

The *second issue* is whether this Court has personal jurisdiction over Defendants when the government has failed to serve the summons and complaint upon Defendants under Fed. R. Civ. P. 5 or allege basic allegations concerning minimum contacts by Defendants with this district.

The *third issue* is whether this Court is the proper venue when the government has failed to allege well-pleaded facts of Defendants' residence, domicile, minimum contacts, or events.

The _fourth issue_ is whether service of process is insufficient when Defendants have not been served with a copy of the summons and complaint by the government under Rules 4(e), (h).

The _fifth issue_ is whether the government have failed to state a claim upon which relief can be granted for violations of the FTC Act, the Credit Repair Organizations Act, the Telemarketing Act, and the TSR, when the government has not alleged well-pleaded facts outside of conclusory allegations that if accepted as true would entitle the government to relief under the various statutes.

The _sixth issue_ is whether Alex Miller Financial Services Inc. and Alex Miller Credit Repair are required parties under Fed. R. Civ. P. 19(a)(1) when the government have shoe-horned them in as formerly known as ("f/k/a") and doing business as ("d/b/a") entities under Turbo.

The _seventh issue_ is whether the government failed to comply with Fed. R. Civ. P. 4 and 5 and this Court's Order [9] when it has failed to serve "all filings in this case" under Rules 4 and 5.

The _eighth issue_ is whether the government failed to comply with LR5.3 when it failed to have at the end of its filed papers a certificate reflecting how and when service has been made or why service is not required and/or whether the government failed to comply with LR5.5 when it failed to serve all motions that it filed on Defendants and/or whether the government failed to comply with Rules 4 and 5 and Court Order [9] when it has failed to serve "all filings in this case."

III.    RULES

**_Rule 12(b) of the Federal Rules of Civil Procedure_** provides, in pertinent part:

Every defense to a claim for relief in a pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
  (1) lack of subject-matter jurisdiction;
  (2) lack of personal jurisdiction;
  (3) improper venue; . . .
  (5) insufficient service of process;
  (6) failure to state a claim upon which relief can be granted; and failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**_Rule 19(a)(1) of the Federal Rules of Civil Procedure_** provides:

PERSONS REQUIRED TO BE JOINED IF FEASIBLE. *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        (i) as a practical matter impair or impede the person's ability to protect the interest; or
        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

**_Rule 41(b) of the Federal Rules of Civil Procedure_** provides:

INVOLUNTARY DISMISSAL; EFFECT. If the the government fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal order under this subdivision (b) and any dismissal not under this rule-except on for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

**_Rule 5(a) of the Federal Rules of Civil Procedure_** provides:

SERVICE: WHEN REQUIRED. (1) *In General*. Unless these rules provide otherwise, each of the following papers must be served on every party:
    (A) an order stating that service is required;
    (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
    (C) a discovery paper required to be served on a party, unless the court orders otherwise;
    (D) a written motion, except one that may be heard ex parte; and
    (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

**_Rule 5(b) of the Federal Rules of Civil Procedure_** provides:

SERVICE: HOW MADE.

(1) *Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

(2) *Service in General.* A paper is served under this rule by:

(A) handing it to the person;

(B) leaving it:

(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

(ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C) mailing it to the person's last known address-in which event service is complete upon mailing;

(D) leaving it with the court clerk if the person has no known address;

(E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing-in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing-in which event service is complete when the person making service delivers it to the agency designated to make delivery.

**_Rule 4(c)(1) of the Federal Rules of Civil Procedure_** provides:

*In General.* A summons must be served with a copy of the complaint.

**_Rule 4(e) of the Federal Rules of Civil Procedure_** provides:

SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where served is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who reside there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

**_Rule 4(h) of the Federal Rules of Civil Procedure_** provides:

SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of by law to receive service of process and-if the agent is one authorized by statute and the statue so requires-by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

**_Rule 4(l)(1) of the Federal Rules of Civil Procedure_** provides:

*Affidavit Required*. Unless service is waived, proof of service must be made to the court. Except for service by a United Sates marshal or deputy marshal, proof must be by the server's affidavit.

**_Rule 8(a) of the Federal Rules of Civil Procedure_** provides:

CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
(1)      a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claims needs no new jurisdictional support:
(2)      a short and plaint statement of the claim showing that the pleader is entitled to relief; and
(3)      a demand for the relief sought, which may include relief in the alternative or different types of relief.

**_Rule 9(b) of the Federal Rules of Civil Procedure_** provides:

FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

**_LR5.3_** provides:

**Certificate of Service.** Papers must have at the end a certificate reflecting how and when service has been made or why service is not required. Federal Rule of Civil Procedure 5(b).

___LR5.5___ provides:

**Service of Pleadings and Other Papers.** All motion must be served on all parties. Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested).

___LR7.1___ provides:

**Form.** Opposed motions shall
A.      Be in writing;
B.      Include or be accompanied by authority;
C.      Be accompanied by a separate proposed order granting the relief requested and setting forth information sufficient to communicate the nature of the relief granted;
D.      Except for motions under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, contain an averment that
    (1)  The movant has conferred with the respondent and
    (2)  Counsel cannot agree about the disposition of the motion.

___LR7.7___ provides:

**Supporting Material.** If a motion or response requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence must be filed with the motion or response.

___LR7.8___ provides:

**Hearing.** The Court may in its discretion, on its own motion or upon application, entertain and decide any motion, shorten or extend time periods, and request or permit additional authority or supporting material.

___LR11.4___ provides:

**Sanctions.** A paper that does not conform to the local or federal rules or that is otherwise objectionable may be struck on the motion of a party or by the Court.

IV.    ARGUMENTS

        a.   This Court lacks jurisdiction due to the government's lack of Article III standing.

The government lacks Art. III standing to bring alleged FTC Act, CROA, and TSR claims.

A lack of standing is jurisdictional. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93

(1988). To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly

traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 1547 (2016). The government must demonstrate Article III standing. The government must demonstrate some concrete injury to its citizens by Defendants that can be redressed by the alleged claims in its Counts I through VIII. *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 602-05 (1982). The Congressional grant of a right to statutory damages is not sufficient by itself to establish standing. The government must show some injury in fact. *Spokeo*, 136 S.Ct. at 1543. The government fails to demonstrate standing. The government does not name one citizen or consumer injured by any conduct by Defendants. The government therefore has no standing to proceed. This case must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Federal courts may adjudicate only actual cases or controversies. U.S. Const. Art. III, § 2. Thus, federal courts do not have the power to decide questions of law in a vacuum. Federal courts may only determine such matters as arise in the context of a genuine "case" or "controversy" within the meaning of Article III. *Securities & Exchange Commission v. Medical Committee for Human Rights*, 404 U.S. 403, 407, 92 S.Ct. 577, 580 (1972); *see Benton v. Maryland*, 395 U.S. 784, 788 (1969) ("[I]t is well settled that federal courts may act only in the context of a justiciable case or controversy."); *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3 (1964) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *cf. Doremus v. Board of Education*, 342 U.S. 429, 434 (1952). There is no practical distinction between the terms "case" and "controversy." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239, 57 S.Ct. 461, 463 (1937). Both terms express the fundamental concept that federal courts have power only to entertain disputes of *justiciable* character:

> Embodied in the words "cases" and "controversies" are two complimentary but somewhat different limitations. In part those words limit the business of federal courts to *questions presented in an adversary context* . . . (a)nd in part those words . . . assure that the *federal courts will not intrude into areas committed to the other branches* of government. Justiciability is the term of art employed to give expression to this dual limitation . . . ."

*Flast v. Cohen*, 392 U.S. 83, 94-95, 88 S.Ct. 1942, 1950-1951 (1968) (emphasis added).

Here, the government, the party attempting to invoke this court's jurisdiction, bears the burden of establishing federal jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). The government's conclusions in paragraph 3 of its Complaint [2] that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331[,] . . . 28 U.S.C. § 1337(a)[,] . . . 28 U.S.C. § 1345[,] . . . and under 28 U.S.C. § 1355[,]" are not the end of the jurisdictional inquiry. The government must also have standing, i.e., Article III standing, to bring its claim(s). *See Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560 (1992). As stated above, to establish standing, the government, in this case, and any other case for that matter, "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S.Ct. at 1547.

Proving an "injury in fact" is, as the U.S. Supreme Court has said, "[f]irst and foremost" among these three elements. *Steel Co.*, 523 U.S. at 103. "It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Byrd*, 521 U.S. 811, 820 (1997). Indeed, in "no event" may "Congress abrogate the Art. III minima." *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979). To establish an injury in fact, a plaintiff must show not only "an invasion of a legally protected interest," but also a "concrete and particularized" injury that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548. The injury, in short, must be

"real" and not "abstract." *Id*. Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

Here, the government only alleges a speculative legal injury as a result of Defendants' alleged violation(s) of the FTC Act, CROA, and TSR. But "invasion of a legally protected interest" is not enough to establish injury in fact; the injury must also be "concrete and particularized." *Spokeo*, 136 S. Ct. at 1548. Paragraph 45 of the government's Complaint [2] is the only faint mention of a consumer, albeit theoretical. Even that allegation is hypothetical, or cryptic and speculative at best, as it does not reference an incident or actual consumer affected. In sum, the Complaint [2] references no tangible or intangible harm that the government may have suffered as a result of Defendant's alleged conduct, which, thus, courts have found to be insufficient under Article III to confer standing. In this case, the government failed to establish Article III standing and this matter should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

    b.  This Court lacks personal jurisdiction over Defendants who have not been served.

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows for dismissal of an action where the Court lacks personal jurisdiction over a defendant. Although Defendants are the movants in this Rule 12(b)(2) motion to dismiss, the government is the party who invoked this court's jurisdiction. Therefore, the government bears the burden of demonstrating this Court's jurisdiction over Defendants. *Gardemal v. Westin Hotel Co.* (5th Cir. 1999) 186 F3d 588, 592; *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994). It is important to note that the government has failed to serve Defendants with the summons and complaint in this case pursuant to Fed. R. Civ. P. 4(e) and 4(h). Other than formulaic statutory recitations and conclusory statements, the government has not alleged any well-pleaded facts to support that this court as personal jurisdiction over Defendants. Thus, without service, it is axiomatic that this Court lacks personal jurisdiction over Defendants.

A court cannot exercise personal jurisdiction over a defendant unless the defendant was properly served. *Landry v. Garber*, 6:19-CV-00397, 2019 WL 5783369, AT *2 (W.D. La. Oct. 18, 2019), report and recommendation adopted, 6:19-CV-00367, 2019 WL 5782873 (W.D. La. Nov. 5, 2019) (*citing Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987)). Absent valid service of process, proceedings against a party are void. *Id.* (*citing Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968)). Thus, this Court has broad discretion to dismiss this lawsuit for insufficient service of process. *See, e.g. Edmiston v. Louisiana Small Bus. Dev. Ctr.*, 1:18-CV-00128, 2018 WL 6279962, at *4 (W.D. La. Nov. 14, 2018), *report and recommendation adopted*, 1:18-CV-00128, 2018 WL 6273657 (W.D. La. Nov. 30, 2018), *aff'd*, 931 F.3d 403 (5th Cir. 2019) (citing Fed. R. Civ. P. 12(b)(5)); *see also Kreimerman v. Casa Veerkap, S.D. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court, however, has broad discretion to dismiss an action for ineffective service of process."). Once the validity of service of process has been contested by the defendant, the plaintiff bears the burden of establishing its validity. *See Holly v. Metro. Transit Authority*, No. 05-20671, Summary Calendar, at *1 (5th Cir. 2007) (*citing Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Here, service of process is not only contested as insufficient, but it has simply not been done. Noticeably, the government engaged in significant motion practice before requesting summonses. The government's gamesmanship resulted in several court orders, including TROs and injunctions. Case in point, the government filed a motion to seal [1], then its Complaint [2] on March 1, 2022. Then, the same day, the government filed an *ex parte* motion for temporary restraining order, order appointing receiver, and order to show cause why a preliminary injunction should not issue [3]. Next, still March 1, 2022, the government filed a draft proposed temporary restraining order [4].

Also, on March 1, 2022, the government filed motion for admission of Stephen C. Tosini *pro hac vice* [5] and for Marcus P. Smith *pro hac vice* [6]. The government failed to serve Defendants any of these papers. The government, despite filing all of those papers, still did not request summonses. On March 2, 2022, the Court granted both Mr. Tosini's motion [7] and Mr. Smith's motion [8]. Then, on March 4, 2022, this Court entered a temporary restraining order [9] against Defendants. Said Order [9] stated, "that in addition to effectuating service on the Defendants as required by law, the United States shall deliver this Order and all filings made in this case by mail, email, and/or hand delivery to both Defendants on or before close of business on Monday, March 7, 2022. The government failed to comply with the Court's order [9]. The government only purportedly emailed Docs. [1]-[4] and [9], despite the Court's Order [9] requiring legal service of "all filings[,]" which must comply with Fed. R. Civ. P. 4 and 5 for it to be "as required by law." *See* Doc. [10].

    c.   The government's Complaint [2] should be dismissed for improper venue.

The government's Complaint [2] must be dismissed per Rule 12(b)(3) for improper venue. In resolving a motion to dismiss pursuant to Rule 12(b)(3), the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009). However, this Court ***does not*** have to assume the truth of conclusory statements. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). When a case involves more than one purported cause of action, like the instant action by the government, venue must be proper as to each claim asserted. *See Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994) (*per curium*); *Perry v. Dep't of Veteran Affairs*, CIVIL ACTION No. 17-6834 SECTION "R" (5), at *3 (E.D. La. De. 26, 2017). Here, the government's case is controlled by the general venue statute. Under the general venue statute, a lawsuit may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which

the district is located" or (2) "in a judicial district in which a substantial portion of the events giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1)-(2). If no district satisfies the first two options, then venue lies where "any defendant is subject to the court's jurisdiction with respect to such action." *Id.* § 1391(b)(3). Accordingly, for venue to properly lie in this district, one of the Defendants must reside in this district and both Defendants must reside in this State (Texas) or a "***substantial*** portion of the events" that gave rise to this action must have taken place in this district. 28 U.S.C. § 1391(b)(1)-(2) (emphasis added). 28 U.S.C. § 1391(c)(1) provides, "For all venue purposes . . . a natural person, including an alien lawfully admitted for permanent resident in the United States, shall be deemed to reside in the judicial district in which that person is domiciled[.]" 28 U.S.C. § 1391(c)(2) provides, in pertinent part, "For all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" This Court will recognize or take judicial notice that Miller is a natural person and Turbo is allegedly an entity. Thus, to determine residence of Miller, this Court must look to 28 U.S.C. § 1391(c)(1), and to determine resident of Turbo, the court must look to 28 U.S.C. § 1391(c)(2). All of the government's venue allegations appear to be contained in paragraphs 4 and 5 of the Complaint [2]. The court will recognize that paragraph 4 appears to speak to personal jurisdiction, but pursuant to the provisions of 28 U.S.C. § 1391(b)(3), venue may be otherwise proper in a judicial district were "any defendant is subject to the court's personal jurisdiction with respect to such action." However, the government does not rely on 28 U.S.C. § 1391(b)(3). The government's conclusory allegations purportedly in support of its venue choice, state, "The Court has personal jurisdiction over Defendants because Defendants reside in and have their principal place of business in this

District and because the alleged acts giving rise to the claims occurred in this District and elsewhere in the United States. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), (c)(2), and 15 U.S.C. § 53(b)." Complaint [2] at 2, ¶¶ 4-5. Again, this Court ***does not*** have to assume the truth of conclusory statements. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Notwithstanding the fact that the allegations are conclusory and not well-pleaded factual allegations that support the proposition of proper venue, the court will recognize that the government does not allege any facts that support venue here. First, the government concludes that "Defendants reside . . . in this district[.]" Complaint [2] at 2, ¶ 4. Well, as to Miller, 28 U.S.C. § 1391(c)(1) provides that Miller resides where he is domiciled. The government alleges no facts whatsoever as to where Miller is domiciled. Therefore, the government fails to allege any facts to support proper venue for Miller in this district. Even though the government does not rely on 28 U.S.C. § 1391(b)(3), this court does not otherwise have personal jurisdiction over Miller because the government has not served process upon Miller. Next, regarding Turbo, the government knows that Turbo is an administratively dissolved former Wyoming entity. Nevertheless, Turbo's residence is determined under the provisions of 28 U.S.C. § 1391(c)(2). Again, the government alleges no facts to demonstrate that Turbo is subject to this Court's personal jurisdiction. Noticeably, the government seemingly relies on the allegation that Turbo's "principal place of business is in this district." Complaint [2] at 2, ¶ 4. However, the government's contention or conclusion is inapplicable. 28 U.S.C. § 1391(c)(2) states, in pertinent part, that "an entity . . . shall be deemed to reside, . . . if a plaintiff, only in the judicial district in which it maintains its principal place of business." Turbo is not "a plaintiff" in this action. Therefore, Turbo's principal place of business does not support venue. Accordingly, venue is also not proper as to Turbo.

Next, the government relies on 28 U.S.C. § 1391(b)(2) and, as such, alleges, "the alleged acts giving rise to the claims occurred in this District and elsewhere in the United States." Complaint [2] at 2, ¶ 4. Again, the government fails to meet basic venue requirements and asserts no well-pleaded facts in support. In review, 28 U.S.C. § 1391(b)(2) provides, in pertinent part, venue is proper in "a judicial district in which a ***substantial*** part of the events or omissions giving rise to the claim occurred." (Emphasis added). The government fails to allege that a "substantial" part of the acts occurred in this district. The court may not assume that a substantial part of the event occurred here versus "elsewhere in the United States" where the government concedes the alleged acts also allegedly occurred. Complaint [2] at 2, ¶ 4. Venue is not factually supported here. The government also relies on 15 U.S.C. § 53(b), but that statute has nothing to do with venue. Therefore, under Rule 12(b)(3), the government's action must be dismissed for improper venue.

     d.   Defendant's motion to dismiss should be granted for insufficiency of service.

To date, the government has failed to serve Defendants the summons and complaint. Beyond process, the government has unfortunately failed to properly serve Defendants any papers. As discussed above, the government strategically did not request summonses until late in the case, relative to the extensive motion practice wherein the government achieved TROs and injunctions. After the government accomplished all of its goals under seal, it moved to unseal the case [11]. This Court entered an Order [12] that unsealed the case on March 14, 2022. Then, and only then, did the government later, on March 17, 2022, finally request issuance of summonses for Defendants. Again, to date, the government has not effectuated service of the summons and complaint on Defendants under Rule 4. Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes dismissal of a claim if the summons and complaint were "not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 350-51 (5th Cir.

2011). The serving party, the government in this case, carries the burden of showing service was proper if challenged. *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). No service was made. Namely, the government has failed to serve Defendants with a copy of the summons and complaint pursuant to Fed. R. Civ. P. 4(e) and 4(h). Therefore, the Court should dismiss this action pursuant to Rule 12(b)(5) for insufficient service.

e.   The government's Complaint fails to state a claim for which relief can be granted.

The government's Complaint [2] fails to state a claim for which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert denied sub nom*; *Cloud v. United States*, 122 S. Ct. 2665 (2002). "[I]f as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed." *Neitzke v. Williams*, 109 S. Ct. 1827, 1832 (1989) (internal quotation marks and citations omitted). The court generally is not to look beyond the pleadings in deciding a motion to dismiss. *Spivey v. Robertson*, 197 F.3d 772, 774 5th Cir. 1999). Rule 12(b)(6) is read along with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at

556). In this case, the Court will recognize that the government alleges mainly possibilities and conjecture. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, ***a court does not assume the truth of conclusory statements***, but rather looks for facts that support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. The government's Complaint [2] herein is littered throughout with conclusory statements purporting unlawful acts by Defendants. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. The Court will recognize that the government's Complaint [2] consists of a few factual allegations beyond labels and conclusions and formulaic claim recitations. In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the government. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

    i. **The government fails to state a claim for relief under the FTC Act.**

  The government's Complaint [2] fails to state a claim for which relief can be granted. Viz, the government's Complaint [2] fails to state an FTC Act claim for which relief can be granted. Count I of the government's Complaint [2] asks the Court to find Defendants in violation of the FTC Act. In purported support thereof, the government alleges, "In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services, Defendants have represented, directly or indirectly, expressly or by implication, that Defendants will significantly improve consumers' credit scores by, among other things, a)

removing negative information from consumers' credit reports or profiles; and/or b) selling credit building products, such a store credit cards." Complaint [2] at 13-14, ¶ 49. This is only "a formulaic recitation of the elements of a cause of action" which alone cannot survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. Beyond the formulaic statutory recitations and conclusory statements, there are no facts in support. The government failed to assert well-pleaded factual allegations to demonstrate an act or practice by Defendants to state a claim to relief that is plausible on its face to be a violation of the FTC Act. An act or practice is deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45(a), if there is a "representation, omission, or practice that is likely to mislead consumers acting reasonably under the circumstances, and the representation, omission, or practice is material . . . ." *In the Matter of Clifdale Associates, Inc.*, 103 FTC 110, 164-165 (1984); *see also Southwest Sunsites, Inc. v. FTC*, 785 F.2d 1431, 1435 (9th Cir. 1986). The government made no well-pleaded factual allegations in its Complaint [2] to demonstrate that Defendants participated in unfair and deceptive trade practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), through a series of material misrepresentation, omissions, or otherwise.

Consequently, the government's Complaint [2] fails to allege well-pleaded factual allegations to establish the first element of the government's reliance burden, that consumers acted "reasonably" in relying on any "material" alleged misrepresentations by Defendants. *See id.* The government wholly missed this element. In fact, the government's Complaint [2] does not allege that any alleged misrepresentation(s) by Defendants were "material." Also, the government's Complaint [2] does not allege that any consumer "reasonably" relied on any purported material misrepresentations by Defendants. The government's FTC Act claim fails here on its face. Therefore, the government's FTC Act claim (Count I) should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

ii.     The government fails to state a claim for relief under CROA.

The government's Complaint [2] fails to state a claim for which relief can be granted. Namely, the government's Complaint [2] fails to state a CROA claim for which relief can be granted. Counts II, III, IV, V, and VI of the government's Complaint [2] asks this Court to find Defendants in violation of CROA. In purported support thereof, the government alleges formulaic statutory recitations of CROA and conclusory statements maligning Defendants as liable under CROA. However, the government's Complaint [2] fails to allege well-pleaded factual allegations to establish a CROA claim when the Court ignores the government's formulaic statutory recitations and conclusory statements. The government's Complaint [2] in Count II alleges that Defendants "violated[d] Section 404(a) of CROA, 15 U.S.C. § 1679b(a).

Section 404(a) of CROA, 15 U.S.C. § 1679b(a) provides:

No person may-
(1) make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity-
   (A)     any consumer reporting agency (as defined in section 1681a(f) of this title)); or
   (B)     any person-
      (i)  who has extended credit to the consumer; or
      (ii) to whom the consumer has applied or is applying for an extension of credit;
(2) make any statement, or counsel or advise any consumer to make any statement, the intended effect of which is to alter the consumer's identification to prevent the display of the consumer's credit record, history, or rating for the purpose of concealing adverse information that is accurate and not obsolete to
   (A)     any consumer reporting agency;
   (B)     any person-
      (i)  who has extended credit to the consumer; or
      (ii) to whom the consumer has applied or is applying for an extension of credit;
(3) make or use any untrue or misleading representation of the services of the credit repair organization; or
(4) engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or

deception on any person in connection with the offer or sale of the services of the credit repair organization.

Before Defendants may be found liable under CROA, the government must establish that Defendants are each a "credit repair organization" under CROA. In its typical conclusory fashion, the government purports to establish this element via its conclusory statement or formulaic statutory recitation, "Defendants are a 'credit repair organization' under Section 403(3) of CROA, 15 U.S.C. § 1679a(3)." Complaint [2] at 14, ¶ 14. This Court must not take the government's conclusory allegation as true for the purposes of Defendants' motion to dismiss. *Twombly*, 550 U.S. at 557.

15 U.S.C. § 1679a(3) provides:

**Credit Repair Organization**
The term "credit repair organization"-
  (A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of-
      (i)  improving any consumer's credit record, credit history, or credit rating; or
      (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i); and
  (B) does not include
      (i) any nonprofit organization which is exempt from taxation under section 501(c)(3) of title 26;
      (ii) any creditor (as defined in section 1602 of this title), with respect to any consumer, to the extent the creditor is assisting the consumer to restructure any debt owed by the consumer to the creditor; or
      (iii) any depository institution (as the term is described in section 1813 of title 12) or any Federal or State credit union (as those terms are defined in section 1752 of title 12), or any affiliate or subsidiary of such a depository institution or credit union.

CROA only applies to those who are "credit repair organizations." 15 U.S.C. § 1679a(3). The government's Complaint [2] fails to allege well-pleaded factual allegations to establish that Defendants, each of them, are a "credit repair organization" as defined by 15 U.S.C. § 1679a(3).

iii.    The government fails to state a claim for relief under the TSR.

The government's Complaint [2] fails to state a claim for which relief can be granted. Namely, the government's Complaint [2] fails to state a CROA claim for which relief can be granted. Counts VII and VIII of the government's Complaint [2] asks this Court to find Defendants in violation of the TSR. In purported support thereof, the government alleges formulaic statutory recitations of the TSR and conclusory statements maligning Defendants as liable under the TSR. However, the government's Complaint [2] fails to allege well-pleaded factual allegations to establish a TSR claim when the Court ignores formulaic statutory recitations and conclusory statements.

In the Telemarketing and Consumer Fraud and Abuse Prevention Act, Congress directed the FTC to "prescribe rule prohibiting deceptive telemarketing acts or practices and other abuses telemarketing acts or practices." 15 U.S.C. § 6102(a)(1). In response, the FTC promulgated the TSR, which prohibits sellers and telemarketers from "[m]isrepresenting, directly or by implication, in the sale of goods and services . . . any material aspect of the performance, efficacy, nature or central characteristics of goods or services that are the subject of a sales offer[.]" 16 C.F.R. § 310.3(a)(2)(iii). Again, the government's Complaint [2] fails to allege well-pleaded factual allegations to establish the element of the government's burden, that Defendants misrepresented "any ***material*** aspect of the performance, efficacy, nature or central characteristics of goods or services that are the subject of a sales offer[.]" 16 C.F.R. § 310.3(a)(2)(iii) (emphasis added). The government wholly missed this element, namely, again, the "material" part of the element. In fact, the government's Complaint [2] does not allege that any alleged misrepresentation by Defendants were material. The Court will recognize that government's TSR claim under Count VII fails here. Therefore, the government's TSR claim (Count VII) should be dismissed under Rule 12(b)(6).

However, additionally, the Court must also look to the prerequisite elements of a TSR claim. Namely, the government must demonstrate that Defendants are "seller[s]" or "telemarketer[s]" engaged in "telemarketing," as those terms are defined in the TSR, 16 C.F.R. § 310.2(dd), (ff), and (gg) for the TSR to apply. Well, lo and behold, the government has an allegation to speak to that issue in conclusory fashion by, once again, in formulaic recitation of the statute, stating, "Defendants are 'seller[s]' or 'telemarketer[s]' engaged in 'telemarketing,' as those terms are defined in the TSR, 16 C.F.R. § 310.2(dd), (ff), and (gg)." Complaint [2] at 17, ¶ 72. This court does not assume the truth of conclusory statements for this motion. *Twombly*, 550 U.S. at 557. For this reason, the governments TSR alleged claim(s) in Count VIII of its Complaint [2] facially fail. Therefore, the government TSR claims under Count VII-VIII must be dismissed per Rule 12(b)(6).

f.   This action must be dismissed per Rule 12(b)(7) for the government's failure to join required parties Alex Miller Financial Services, Inc. and Alex Miller Credit Repair.

Rule 12(b)(7) permits Defendants to challenge the government's failure to join "persons whose presence is needed for a just adjudication" under Fed. R. Civ. P. 19. *See HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Here, the government via the administratively dissolved entity Turbo shoehorns in two (2) other entities, Alex Miller Financial Services, Inc. and Alex Miller Credit Repair, which the government has failed to join as parties, but seeks relief against them. The government improperly labels Turbo as f/k/a (formerly known as) Alex Miller Financial Services, Inc. and d/b/a (doing business as) Alex Miller Credit Repair to shoehorn the entities in. There are no factual allegations to support these entities as being f/k/a, d/b/a, or alter egos of Turbo. Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. Fed. R. Civ. P. 19(a); *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be

fairly and completely disposed of. In accord with the goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder" (citations omitted)). In this action, dismissal is proper under Rule 12(b)(7) as this litigation should not proceed in the absence of Alex Miller Financial Services, Inc. and Alex Miller Credit Repair, which are required parties under Rule 19. "Determining whether an entity is an indispensable party is a highly-practical, fact-based endeavor . . . ." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

"Determining whether to dismiss a case for failure to join an indispensable party required a two-step inquiry." *Id.* "First, the district court must determine whether the party should be added under the requirements of Rule 19(a)." *Id.* Under Rule 19(a)(1) "[a] person who is subject to service to service of process and whose joinder will not deprive the court of subject matter jurisdiction" must join if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A)-(B). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood*, 570 F.3d at 628 (*quoting Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

"If the necessary party cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Id.* at 629. Thus, "the court must determine whether,

in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In conducting this inquiry, the court considers: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(1)-(4).

Defendants contend that Alex Miller Financial Services, Inc. and Alex Miller Credit Repair (the "Required Parties") are required parties under Rule 19(a) because the government is seeking extensive and extraordinary relief against the Required Parties, including, but not limited to: (A) "preliminary injunctive and ancillary relief[,] . . . including but not limited to, temporary and preliminary injunctions, an order freezing assets, and appointment of a receiver;" (B) "permanent injunction[;]" (C) "monetary and other relief[;]" and (D) "monetary civil penalties[.]" Clearly, the Required Parties have a significant interest in protecting their interests and defending itself herein. Rule 19(a)(1)(B)(i) requires joinder of an absent party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or imped the person's ability to protect the interest[.]" Fed. R. Civ. P. 19(a)(1)(B)(i). The government has openly named the Required Parties and achieved orders against them without notice upon them, but has failed to plead the reasons for their nonjoinder. Rule 19(c) provides, "PLEADING THE REASONS FOR NONJOINDER. When asserting a claim for relief, a party must state: (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person." Fed. R. Civ. P. 19(c).

On the face of the government's Complaint [2] and the record herein, the Court should determine that legally protected interests exist as to the Required Parties, and the Court should further determine that the Required Parties' ability to protect their interests, as a practical matter, will be significantly impaired or impeded by this lawsuit. *See* Fed. R. Civ. P. 19(a)(1)(B)(i); *Alto v. Black*, 738 F.3d 1111, 1127-29 (9th Cir. 2013); *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12-cv-02182-KJM-KJN, 2015 WL 6123730, at *8-9 (E.D. Cal. Oct. 16, 2015) (*quoting Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)). As the text of the Rule indicates, this Court should be guided by pragmatic considerations when conducting its inquiry. *See* Fed. R. Civ. P. 19(a)(1)(B)(i); *Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 360 (2d Cir. 2015) (*citing* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1601 (3d ed. 2015)). In making its determination, courts may consider "whether a present party," by consulting three (3) factors: "(1) whether the interests of a present party to the suit are such that it will undoubtedly make all of the absent party's arguments; (2) whether the party is capable of and willing to make such arguments; and (3) whether the absent party would offer any necessary element to the proceedings that the present parties would neglect." *Lennar Mare Island*, 2015 WL 6123730, at *8-9 (internal quotation marks omitted) (*quoting Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012)).

Here, Alex Miller Financial Services, Inc. and Alex Miller Credit Repair are required parties because proceeding in their absence will undoubtedly impair or impede their ability to protect their interests. This Court may also reasonably conclude that as a practical matter, any interests the Required Parties have in this case will be significantly impaired or impeded because there is no indication whatsoever that administratively dissolved Defendant Turbo can or will

adequately represent their interests, which are separate and apart from Turbo's interests herein. Therefore, this case must be dismissed per Rule 12(b)(7) for failure to join a party under Rule 19.

> g. This case should be involuntarily dismissed pursuant to Rule 41(b) for the government's failure to comply with Rule 5 and this Court's Order [9].

This case should be involuntarily dismissed pursuant to Rule 41(b) for the government's failure to comply with Rule 5 of the Federal Rules of Civil Procedure and this Court's Order [9]. On March 1, 2022, the government filed (1) an *ex parte* motion to temporarily seal the docket and the entire file [1] and a proposed order [1-1], (2) its Complaint [2] and civil cover sheet [1-1], (3) an *ex parte* sealed motion for temporary restraining order, order appointing receiver, and order to show cause why a preliminary injunction should not issue, with Exhibits 1 through 10 [3-1] – [3-10], proposed temporary restraining order [3-11], and proposed order appointing receiver [3-12], (4) temporary restraining order (draft) [4] and temporary restraining order (redline)) [4-1], (5) motion for admission of Stephen C. Tosini *pro hac vice* [5], and (6) motion for admission of Marcus P. Smith *pro hace vice* [6]. On March 2, 2022, the Court entered an Order [7] granting the motion for admission of Stephen C. Tosini *pro hac vice* [5] and an Order [8] granting the motion for admission of Marcus P. Smith *pro hace vice* [6]. On March 4, 2022, the Court entered a Temporary Restraining Order [9] ("TRO"). In the TRO [9], the Court ordered, in part:

> **IT IS FURTHER ORDERED** that in addition to effectuating service on the Defendants as required by law, the United States shall deliver this Order and all filings made in this case by mail, email, and/or hand delivery to both Defendants on or before close of business on Monday, March 7, 2022.

TRO [9] at 4, ¶ IV. As the record reflects, the government has ***failed*** to comply with the Order [9]. First, it is appropriate to identify the rules that govern "service on the Defendants as required by law[.]" *Id.* Legal service of a summons is governed by the provisions of Fed. R. Civ. P. 4. Legal service of other process is governed by the provisions of Fed. R. Civ. P. 4.1. Legal service of

pleadings and other papers are governed by the provisions of Fed. R. Civ. P. 5 and LR5.5. At the time of this Court's Order [9], "all filings made in the case" consisted of motions, pleadings, appearances. *Id*. Therefore, "service . . . as required by law" of those filings are subject to the provisions of Fed. R. Civ. P. 5 and LR5.5. Note, the Order [9] required this legal service in addition to the government mailing, emailing, and/or hand delivering the filings to both Defendants. *See id*. The government's Certificate of Service [10] demonstrates that the government failed to comply. Notably, the government as the second prong of the service order, did not served Docs. [5]-[8]. *See* [10] ("On Monday March 7, 2022, I served Docket Entry Nos. 1-4, 9 ('Docket Entries') on Defendants Turbo Solutions Inc. and Alexander V. Miller by emails addressed to alex@alexmillercreditrepair.com, alexandermiller5959@gmail.com, and ramanagement@legalzoom.com." The government fails to indicate whether this was before the close of business. Aside from timing, the government failed to email Docs. [5], [6], [7] and [8]. Docs. [5], [6], [7] and [8] consist of motions and order, which are subject to the Court's Order [9]. Notwithstanding the foregoing, the government failed to effectuate legal service on Defendants. As of March 4, 2022, the record consisted of Docs. [1] through [9] with sub-docket entries within. Likewise, as of the Order's [9] service deadline, March 7, 2022, only Docs. [1]-[9] were of record. The government has not effectuated legal service of said documents upon Defendant as ordered. The following are the categorical failures of the government with respect to the Court's Order [9]:

- [1] The government's motion to temporarily seal the docket – not served under Rule 5(b);

  o [1-1] Proposed order – not served under Rule 5(b);

- [2] Complaint – not served under Rule 4(c)(1) ("A summons must be served with a copy of the complaint."), 4(e) (re: serving an individual), or 4(h) (re: serving an entity);

  o [2-1] Civil cover sheet – not served under Rule 5(b);

- [3] *Ex parte* motion to TRO, *inter alia* – not served under Rule 5(b);

  o [3-1] through [3-12] – not served under Rule 5(b) and, upon information and belief, not served by the additional methods as required under this Court's Order [9];

- [4] Proposed TRO – not served under Rule 5(b);

  o [4-1] Redline proposed TRO – not served under Rule 5(b);

- [5] Motion for admission of Stephen C. Tosini *pro hac vice* – not served under Rule 5(b) and not served via the additional methods required under this Court's Order [9];

- [6] Motion for admission of Marcus P. Smith *pro hac vice* - not served under Rule 5(b) and not served via the additional methods required under this Court's Order [9];

- [7] Order granting motion [5] - not served under Rule 5(b) and not served via the additional methods required under this Court's Order [9];

- [8] Order granting motion [6] - not served under Rule 5(b) and not served via the additional methods required under this Court's Order [9]; and

- [9] Temporary restraining order – served under Rule 5(b).

Defendants feel it is important to recognize that the government has been put on additional notice by Defendants' counsel in two (2) teleconferences that it has not complied with this Court's Order [9], and the government is deliberate indifferent to the failures and plans to take no action. Notably, as per the record, the government has not sought leave to comply with the Order [9] out of time. Most importantly, the government upon entry of the Order [9], did not even seek issuance of summonses to effect legal service of the Complaint [2]. As the record reflects, the government did not request an issuance of the summonses [13] from the clerk of court until March 17, 2022. Clearly, the government intentionally planned a stealth procedural attack upon Defendants using the Court's resources and authority, and further failed to notice Defendants, even when ordered to.

Defendants are unduly prejudiced by the government's material failure to comply with this Court's Order [9], and with Rules 4 and 5 of the Federal Rules of Civil Procedure, regarding legal service.

Preemptively, Defendants also note that the government may contend that this Court's Order [9] does not mean what it says when it says, "all filings made" or when it specifically orders "effectuating service on the Defendants as required by law[.]" However, the Order [9] is clear. Also, the government's failure to comply with it is very clear, as per the record in this matter. Defendant's counsel in conferring with the government gleaned that the government does not appreciate the importance of appearances being served and that service had to be legal service. Notably, the government believes that only email is sufficient or even delivery to a non-residence.

With respect to email, that is an additional method permitted by the Court's Order [9], but "effectuating service on the Defendants as required by law" remains a term of this Court's Order [9]. Email only service is not "service . . . as required by law" because Defendants have not consented to electronic service of any documents via electronic means in writing, as required. *See, e.g.,* Fed. R. Civ. P. 5(b)(2)(E) ("A paper is served under this rule by . . . sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing[.]" As the record reflects, at the time of the allege emailing, Defendants were not "registered user[s] . . . of the court's electronic-filing system[.]" *Id.* Further, Defendants have not consented to service by other electronic means (i.e., email) in writing. Thus, any purported emailing of filed papers as of the deadline of this Court's Order [9] is not "service . . . as required by law" as required by the Court. Again, the government is aware of its own rules. Further, the government is aware that Defendants have not consented to email service in writing.

As a result of the government's conduct, Defendants now move to dismiss the Complaint [2] pursuant to Rule 41(b). The government failed to comply with this Court's Order [9] and Rules

4 and 5 of the Federal Rules of Civil Procedure. Rule 41(b) provides that, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) authorized a district court to "dismiss an action *sua sponte* . . . for failure to comply with a court order." *Jone Jones Collection Inc. v. Good Price Mart, Inc.*, 2010 WL 2403727, at *2 (N.D. Tex. June 15, 2010) (Fish, J.); *see also Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). "Unless the dismissal order states otherwise," a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Thus, the Court in its discretion should grant Defendants motion to dismiss the action [2] under Rule 41(b) based on the government's failure to comply with this Court's Order [9] and Rules 4 and 5.

Should the Court dismiss the government's Complaint [2] under Rule 41(b), then the Court does not need to address whether Defendants are also entitled to a dismiss under Rule 12(b)(6).

h. Every paper filed by the government in this case should be stricken under LR11.4.

The government's filed papers should be stricken for its failure to comply with the rules. The local rules of the United States District Court for the Southern District of Texas prove that "[a] paper that does not conform to the local or federal rules or that is otherwise objectionable may be struck on the motion of a party or by the Court." LR 11.4. As per above, Defendants incorporate their arguments above that demonstrate that the government has not complied with Rules 4 and 5 of the Federal Rules of Civil Procedure with respect to legal service of papers filed in this action. In addition to the foregoing, the government has also not complied with LR5.3 and LR5.5. LR5.3 provides, "**Certificate of Service.** Papers must have at the end a certificate reflecting how and when service has been made or why service is not required. Federal Rule of Civil Procedure 5(b)." The record reflects that the government has failed to comply with LR5.3 throughout this case. LR5.5 provides, "**Service of Pleadings and Other Papers.** All motion must be served on all

parties. Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested). (Amended by General Order 2004-10, effective September 7, 2004.)" The record reflects that the government has failed to comply with LR5.5 throughout this case. Unbelievably, the government has refused and failed to comply with the most rudimentary rules. These basic rules were not followed by the government to unduly prejudice Defendants in the case. Defendants and the Required Parties that the government failed to join have been unfairly attacked. The local and federal rules of this Court are in place for the proper administration of justice. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). There is nothing just about the government failing to follow rules in this proceeding. Furthermore, there is nothing just about allowing a proceeding to continue when rules are ignored. Absolutely none of the papers filed by the government have complied with LR5.3 and LR5.5. Further, for the reasons demonstrated above, none of the government's filings complied with Rules 4 and 5 of the Federal Rules of Civil Procedure, where applicable. All such papers must be stricken.

V.   CONCLUSION

In consideration of the foregoing, Defendants request that the Court GRANT its motion and dismiss this action pursuant to the provisions of Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (Article III standing), 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, 12(b)(5) for insufficient service of process, 12(b)(6) for failure to state a claim upon which relief can be granted, and/or 12(b)(7) failure to join a party under Rule 19. Alternatively, Defendants request that the Court GRANT its motion and dismiss this action pursuant to the provisions of Fed. R. Civ. P. 41(b) for the government's failure to comply with the Rules 4 and 5 of Federal Rules of Civil Procedure and/or Court Order [9]. Further, alternatively,

Defendants request that the Court GRANT strike all papers filed by the government in this action pursuant to the provisions of LR11.4 for the government's failure to comply with LR5.3, LR5.5, Rule 4 of Federal Rules of Civil Procedure, Rule 5 of Federal Rules of Civil Procedure, and/or this Court's Order [9]. Additionally, Defendants request leave to file this brief in excess of 20 pages. The government does not oppose to Defendants having leave to a brief in excess of 20 pages, conditioned upon Defendants not opposing the government being able to file excess pages as well. Defendants agree to this condition and would not oppose the government filing excess pages in its response, if any, to Defendants' instant motions filed herein. Thus, Defendants pray for said leave.

Respectfully submitted,

Date:   May 15, 2022

Brian L. Ponder, Esq.
Attorney-in-Charge
New York Bar #: 5102751
Southern District of Texas Bar #: 2489894
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           v.<br><br>TURBO SOLUTIONS INC., f/k/a Alex Miller Financial Services Inc., d/b/a Alex Miller Credit Repair, and<br><br>ALEXANDER V. MILLER, in his individual and corporate capacity,<br><br>                  Defendants. | Civil Action No. 4:22-mc-00369<br><br>CERTIFICATE OF SERVICE |

I certify that a copy of the foregoing was served upon Plaintiff today via CM/ECF filing.

Respectfully submitted,

Date:  May 15, 2022

Brian L. Ponder, Esq.
Attorney-in-Charge
New York Bar #: 5102751
Southern District of Texas Bar #: 2489894
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR DEFENDANTS