UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>                  v.<br><br>TURBO SOLUTIONS INC., f/k/a Alex Miller Financial Services Inc., d/b/a Alex Miller Credit Repair, and<br><br>ALEXANDER V. MILLER, in his individual and corporate capacity,<br><br>                                    Defendants. | Civil Action No. 4:22-mc-00369 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR SANCTIONS PURSUANT TO LR11.4**

I.     INTRODUCTION

On March 1, 2022, Plaintiff UNITED STATES OF AMERICA ("the government") filed this civil action against Defendants TURBO SOLUTIONS INC., f/k/a Alex Miller Financial Services Inc., d/b/a Alex Miller Credit Repair ("Turbo"), and ALEXANDER V. MILLER, in his individual and corporate capacity ("Miller"), (collectively the "Defendants") alleging violations of the FTC Act, Credit Repair Organizations Act, Telemarketing Act, and Telemarketing Sales Rule. Notably, the government's complaint is not based on any consumer complaint or concrete injury. The government is clearly expending substantial resources to litigate against Defendants herein. Given the government's deficient pleading and filings, Defendants filed a motion to dismiss [21]. In response, the government in response filed opposition papers docs. [32], [32-1], and [32-2] that do not conform with LR 11.3, LR11.3.A., Section 7E of the Court's Procedures, and/or Fed. R. Civ. P. 12(b)(6) or are otherwise objectionable, that should be stricken by the Court under LR11.4.

II.     STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

The first issue is whether the government's Response [32] is signed by, or permission of, the attorney-in-charge and required by Local Rule 11.3. Local Rule 11.3 provides, "Every document filed must be signed by, or by permission of, the attorney-in-charge."

The second issue is whether the government's Response [32] under the government's attorney's signature have the following: (1) designation "attorney-in-charge," (2) State bar number, (3) Southern District of Texas bar number, and (4) facsimile numbers with area codes. Local Rule 11.3.A. provides, "Under the signature shall appear: (1) attorney's individual name, (2) designation "attorney-in-charge," (3) State bar number, (4) Southern District of Texas bar number, (5) office address including zip code, and (6) telephone and facsimile numbers with area codes."

The third issue is whether the government's Response [32] references the docket entry number of the motion being responded to as required under Section 7E of the Court Procedures. Section 7E of the Court's Civil Procedures provides, in pertinent part, "Responses . . . must reference the docket entry number of the motion being responded to, preferably in the first paragraph."

The fourth issue is whether the government's Response [32] via its Appendix [32-1] impermissibly contains and presents matters outside the pleadings in response to Defendants' motion to dismiss [21] when a court in so deciding such motion "may not go outside the pleadings." *Colle v. Brazos Cty.*, 981 F.2d 237, 243 (5th Cir. 1993).

The fifth issue is whether the government's Appendix [32-1] of documents submitted by the government with its Response [32] are part of the pleadings and can be considered by the court

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or were they attached to or referred to in the government's active Complaint [2], or attached to Defendants' Motion to Dismiss [21].

The sixth issue is whether Defendants presented matters outside the pleadings in support of their motion to dismiss [21] making Fed. R. Civ. P. 12(d) applicable and permitting Plaintiff to present matters outside the pleadings for consideration in its Response [32]. *See Turnage v. McConnell Sales*, CIVIL ACTION No. 2:14-CV-124-KS-MTP, at *5 (S.D. Miss. Apr. 14, 2016).

The seventh issue is whether the government's Response [32] and Appendix [32-1] conform with LR 11.3, LR11.3.A., Section 7E of the Court's Civil Procedures, or Rule 12(b)(6).

III.   APPLICABLE RULES

    a.   Local Rule 11.3.

LR 11.3 provides, "Every document filed must be signed by, or by permission of, the attorney-in-charge."

    b.   Local Rule 11.3.A.

LR 11.3.A. provides, "Under the signature shall appear: (1) attorney's individual name, (2) designation "attorney-in-charge," (3) State bar number, (4) Southern District of Texas bar number, (5) office address including zip code, and (6) telephone and facsimile numbers with area codes."

    c.   Section 7E of the Court's Civil Procedures.

Section 7E of the Court's Civil Procedures provides, in pertinent part, "Responses . . . must reference the docket entry number of the motion being responded to, preferably in the first paragraph."

    d.   Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) provides, in pertinent part, that "a party may assert the following defenses by motion: . . . failure to state a claim upon which relief can be granted[.]"

e.   Rule 12(d) of the Federal Rules of Civil Procedure.

Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

## IV.   SUMMARY OF THE ARGUMENT

The government's Response [32] papers, which includes an Appendix [32-1] and proposed order [32-3], do not conform with LR 11.3, LR11.3.A., Section 7E of the Court's Civil Procedures, and/or Fed. R. Civ. P. 12(b)(6) or are otherwise objectionable as detailed herein and should be stricken by the Court by way of Defendants' motion for sanctions pursuant to Local Rule 11.4. The government has been triple-apprised of the deficiencies of its filed subject papers in question. First, Defendants' attorney emailed the government's attorneys about the nonconforming papers. Second, Defendants filed an objection [33] on all issues, and, third, conferred with the government.

## V.   ARGUMENT

a.   The government's Response [32] does not conform to Local Rule 11.3.

The government's Response [32] is not signed by, or permission of, the attorney-in-charge. LR 11.3 provides, "Every document filed must be signed by, or by permission of, the attorney-in-charge." The attorney-in-charge in this case was Richard A. Kincheloe. *See* [2]; LR 11.3. LR11.1 provides, "On first appearance through counsel, each party shall designate an attorney-in-charge. Signing the pleading effects designation." Mr. Kincheloe signed the complaint. [2] at 19. Mr. Kincheloe has been substituted in this case by Daniel D. Hu by order [21] of this Court. Mr. Hu did not sign the government's Response [32]. Marcus P. Smith signed the Response. [32] at 26. There is no indication that Mr. Smith's signature was by permission of the attorney-in-charge.

LR11.4 permits this Court to strike the Response [32] because it does not conform to LR11.3. *See Charlie Brown Heritage Found. v. Columbia Brazoria Indep. Sch. Dist.*, CIVIL ACTION No. 3:15-CV-346, at \*5 n.12 (S.D. Tex. May 3, 2018). Thus, the Response [32] should be STRICKEN.

> b.   The government's Response [32] does not conform to Local Rule 11.3.A.

The government's Response [32] does not have the its attorney's signature with the following thereunder as required by LR11.3.A.: (1) designation "attorney-in-charge," (2) State bar number, (3) Southern District of Texas bar number, and (4) facsimile numbers with area codes. The aforementioned items are specifically required pursuant to the provisions of LR11.3.A. LR11.3.A. provides, "Under the signature shall appear: (1) attorney's individual name, (2) designation "attorney-in-charge," (3) State bar number, (4) Southern District of Texas bar number, (5) office address including zip code, and (6) telephone and facsimile numbers with area codes." LR11.4 permits this Court to strike the Response [32] because it does not conform to LR11.3.A. *See Charlie Brown Heritage Found. v. Columbia Brazoria Indep. Sch. Dist.*, CIVIL ACTION No. 3:15-CV-346, at \*5 n.12 (S.D. Tex. May 3, 2018). Thus, the Response [32] should be STRICKEN.

> c.   The government's Response [32] does not conform to Sec. 7E of Civil Procedures.

The government's Response [32] does not reference the docket entry number of the motion being responded to, which is specifically required pursuant to Section 7E of the Civil Procedures. Section 7E of Your Honor's Civil Procedures provides, in pertinent part, "Responses . . . must reference the docket entry number of the motion being responded to, preferably in the first paragraph." LR11.4 permits this Court to strike the Response [32] because it does not conform to the local rules or is otherwise objectionable. *See Charlie Brown Heritage Found. v. Columbia Brazoria Indep. Sch. Dist.*, CIVIL ACTION No. 3:15-CV-346, at \*5 n.12 (S.D. Tex. May 3, 2018); *see also Charlie Brown Heritage Found. v. Columbia Brazoria Indep. Sch. Dist.*, CIVIL ACTION

No. 3:15-CV-346, at *9 n.14 (S.D. Tex. May 3, 2018) ("The Court also **STRIKES** Docket Entry 137—CB's surreply—for failure to comply with the Court's Procedures Rule 6.C.4.") Therefore, likewise, as a sanction, the government's Response [32] paper should be STRICKEN pursuant to the provisions of LR 11.4 for failure to comply with Section 7E of the Court's Civil Procedures.

     d.   The government's Response [32] presents matters outside the pleadings.

The government's Response [32] via and within its Appendix [32-1] contain and present matters outside the pleadings. Because a court deciding a motion to dismiss "may not go outside the pleadings," the documents attached to Plaintiff's Response [32], i.e., the Appendix [32-1], should be stricken and not considered. *Colle v. Brazos Cty.*, 981 F.2d 237, 243 (5th Cir. 1993). Therefore, the government's Appendix [32-1] in its Response [32] should not be considered herein.

     e.   The Appendix [32-1] cannot be considered by the Court under Rule 12(b)(6).

The government's Appendix [32-1] of documents submitted with its Response [32] are not part of the pleadings and cannot be considered by the court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because they were not attached to or referred to in the government's Complaint [2], or attached to Defendants' Motion to Dismiss [21]. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Therefore, the government's Appendix [32-1] should not be considered by the Court with respect to Defendants' pending motion to dismiss [21] herein.

     f.   Defendants did not present matters outside the pleadings; Rule 12(d) inapplicable.

Defendants did not present matters outside the pleadings in support of their motion to dismiss [21]. Therefore, Fed. R. Civ. P. 12(d) is inapplicable. *See Turnage v. McConnell Sales*, CIVIL ACTION No. 2:14-CV-124-KS-MTP, at *5 (S.D. Miss. Apr. 14, 2016). Consequently,

6

Plaintiff is not allowed to present matters outside the pleadings for consideration in its Response [32]. Therefore, the government's Appendix [32-1] in its Response [32] should not be considered.

      g.   The government's Response docs do not comply with the rules and may be stricken.

The government's Response [32] and Appendix [32-1] do not conform with LR 11.3, LR11.3.A., Section 7E of the Court's Civil Procedures, and/or Fed. R. Civ. P. 12(b)(6) or are otherwise objectionable as detailed above and should be STRICKEN by the Court under LR11.4.

## VI.   CONCLUSION

The government is deliberately indifferent to the rules applicable to this proceeding herein. Upon reasonable notice and good faith conferring on the issue, the government stands on its papers. As a result, this Court should strictly apply the rules of this district, court, and federal rules herein. Sanctions and striking papers are an extraordinary remedy, but the government accepts this risk. Notably, after the government filed it Response [32] that defies the applicable rules in this Court, Defendants' counsel notified the government's lawyers and offered it consent to amend its filing. The government's lawyers refused. Defendants' counsel followed up via email, but to no avail. The government's lawyers via email refused to concede to correct the issues, even the next day. Defendants' counsel requested a conference to confer on the issues one-by-one by telephone. Defendants' counsel filed an objection prior to the call, which provided the basis of the conference. The government's attorneys categorically denied the issues and answered "no" to making changes. Defendants' motion for sanctions would have serious consequences and likely terminate the case. However, the government appears comfortable accepting that fate by standing on its filed papers. Defendants request that the Court hear this motion on an emergency basis because striking the governments papers filed under ECF Doc. Nos. [32], [32-1], and [32-2] would obviate their review related to Defendants' pending motion to dismiss [21], which would essentially go unopposed.

Defendants are prejudiced by the government's response papers [32], [32-1], and [32-2] as they are improper under the rules and are improper to review in their pending motion to dismiss [21].

Thus, Defendants' motion should be granted and [32], [32-1], and [32-2] ordered stricken. Given the government's dismissal of the opportunity to file an amended response to correct the deficiencies identified by Defendants in its filed papers, the government should not per permitted leave *sua sponte* or by request to correct its filings, considering the totality of the circumstances. The government's attorney's position is to let the Court decide when it must follow the rules. However, this Court should not be burdened with coddling the government or its attorneys in this litigation, nor should the Court be expected to allow the government or its attorneys to violate the Court's Procedures, local rules and federal procedural rules, requiring Defendants to continuously have to seek sanctions under LR11.4 to strike the government's filings for its repeated violations. This ruling may be the needed wake up call for the government and its attorneys to strictly and consciously follow the Court Procedure, local rules, and federal rules in litigation before this Court. However, here, the government's failure to follow the rules may result in termination of this case. Defendants argue that this was a calculated risk or consequence that the government chose to take. May the court hear this motion on an emergency schedule and, then, order that the relief is granted.

Respectfully submitted,

Date:   June 9, 2022

Brian L. Ponder, Esq.
Attorney-in-Charge
New York Bar #: 5102751
Southern District of Texas Bar #: 2489894
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TURBO SOLUTIONS INC., f/k/a Alex Miller Financial Services Inc., d/b/a Alex Miller Credit Repair, and<br><br>ALEXANDER V. MILLER, in his individual and corporate capacity,<br><br>Defendants. | Civil Action No. 4:22-mc-00369<br><br>CERTIFICATE OF SERVICE |

I certify that a copy of the foregoing was served upon Plaintiff today via CM/ECF filing.

Respectfully submitted,

Date:  June 9, 2022

Brian L. Ponder, Esq.
Attorney-in-Charge
New York Bar #: 5102751
Southern District of Texas Bar #: 2489894
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR DEFENDANTS