**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-mc-00369 |
| | § | |
| TURBO SOLUTIONS INC., f/k/a Alex | § | |
| Miller Financial Services, Inc., d/b/a Alex | § | |
| Miller Credit Repair, and | § | |
| | § | |
| ALEXANDER V. MILLER, in his individual | § | |
| and corporate capacity, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the Emergency Motion for Sanctions filed by Defendants Turbo Solutions, Inc. ("Turbo Solutions") and Alexander V. Miller ("Miller") (collectively, "Defendants"). (Doc. No. 34). Defendants filed an accompanying memorandum in support of their motion. (Doc. No. 35). Plaintiff United States of America ("United States" or "Government") filed a response in opposition (Doc. No. 38), and Defendants filed a reply thereto. (Doc. No. 40). After reviewing the motion, briefing, and applicable law, the Court denies Defendants' Motion.

### I.      Applicable Rules

Defendants argue that the United States should be sanctioned because its response to Defendants' pending motion to dismiss (Doc. No. 32) (the "Response") allegedly failed to adhere to the procedural requirements of LR 11.3, LR 11.3.A, Section 7E of the Court's Procedures, Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P 12(d). The applicable rules state as follows:

1.  LR 11.3: "Every document filed must be signed by, or by permission of, the attorney-in-charge."

1

2. L.R. 11.3.A:

"***Required Information.*** Under the signature shall appear:

(1) attorney's individual name,

(2) designation 'attorney-in-charge,"

(3) State bar number,

(4) Southern District of Texas bar number,

(5) office address including zip code, and

(6) telephone and facsimile numbers with area codes."

3. Section 7E of Judge Hanen's Civil Procedures: "Responses, replies, and sur-replies must reference the docket entry number of the motion being responded to, preferably in the first paragraph."

4. Fed. R. Civ. P. 12(b)(6): "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense by motion: . . . (6) failure to state a claim upon which relief can be granted."

5. Fed. R. Civ. P. 12(d): "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

## II.     Analysis

Defendants contend that the Government's response fails to conform to the above rules for a host of reasons. First, Defendants argue that Marcus P. Smith ("Smith") signed the Response without any indication that he was given permission to do so by Daniel D. Hu ("Hu"), the attorney-in-charge, in violation of LR 11.3. (Doc. No. 35 at 4). Second, Defendants argue that the attorney's signature on the Response lacks all of the necessary information as required by LR. 11.3.A,

including the designation "attorney-in-charge," state bar number, Southern District of Texas bar number, and facsimile with area codes. (*Id.* at 5). Third, Defendants contend that the Response does not reference the docket entry number of the motion being responded to in violation of Section 7E of the Court's Civil Procedures. (*Id.*). Fourth, Defendants argue that the Response, and corresponding appendix (Doc. No. 32-1) contain and present matters outside of the pleadings in violation of Fed. R. Civ. 12(b)(6) and therefore cannot be considered. (Doc. No. 35 at 6). Finally, Defendants argue that they did not present matters outside of the pleadings, and as a result, Fed. R. Civ. P. 12(d) is inapplicable. (*Id.* at 6–7). Taken together, Defendants argue the Response should be stricken as a sanction.

The Government responds to each argument. First, with respect to the appendix included in the Response, the Government notes that Defendants' motion to dismiss (Doc. No. 21) was made pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(7) *in addition to* 12(b)(6). (Doc. No. 38 at 3–5). The Government argues that while matters outside of the pleadings may not be considered on a Rule 12(b)(6) motion, a court may consider matters outside of the pleadings for motions to dismiss pursuant to other Rule 12 arguments. (*Id.*) Furthermore, the Government points out that "the section of [the Response] dealing with Defendants' Rule 12(b)(6) motion refers only to the complaint, and even explicitly states—to avoid confusion—that 'the government relies solely on the four corners of the complaint in this opposition.'" (*Id.* at 5) (quoting Doc. No. 32 at 8 n.4).

The Court agrees with the Government. A court may consider matters outside the pleadings for a variety of Rule 12 motions, but not for Rule 12(b)(6) motions. *See, e.g., Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014); *Chargois v. Sucharow*, No. 4:21-cv-2427, 2022 WL 621980, at *2 (S.D. Tex. Mar. 3, 2022); *Parker v. Missouri City*, No. H-12-2484, 2014 WL

7004061, at *3 (S.D. Tex. Dec. 10, 2014)). Defendants' Motion with respect to the appendix is denied.

As for the procedural technicalities, the Court finds Defendants' motion similarly unpersuasive. Generally speaking, rules governing procedure, including the Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Fifth Circuit has held that district courts "should construe the procedural rules with a preference toward resolving the case on the merits" rather than procedural technicalities. *Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 337 (5th Cir. 2017). While it is true the Government did not adhere to all of the requirements of the applicable procedural rules, the Court does not find this failure to warrant sanctions in the form of striking the Response. Nevertheless, the Government should take care to ensure that its filings conform with all applicable procedural rules, and it has stated it will do so in all future filings in this case. (Doc. No. 38 at 7).

Defendants' motion is therefore denied.

### III.    Conclusion

For the foregoing reasons, Defendants' Emergency Motion for Sanction is **DENIED**. (Doc. No. 34). The Court will address all remaining pending motions in a separate order.

Signed at Houston, Texas, this 11th day of July, 2022.

Andrew S. Hanen
United States District Judge